UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR-07-59-B-W |
| | ) | |
| | ) | |
| ARMIN WILLIAM SABKY, | ) | |

**SENTENCING ORDER**

The Court concludes that Armin William Sabky's state conviction for gross sexual assault is not a prior conviction within the meaning of 18 U.S.C. § 2252A(b)(2), since the state conviction occurred after the conduct that gave rise to his violations of 18 U.S.C. § 2252A(a)(5), and, therefore, the maximum sentence of ten years set forth in § 2252A(b)(2) applies.

**I.    STATEMENT OF FACTS**

On October 4, 2007, Armin William Sabky pleaded guilty to an information alleging two counts of the unlawful possession of child pornography, violations of 18 U.S.C. § 2252A(a)(5)(B). *Information* (Docket # 2). Count I alleges that he committed the crime between September 29, 2006 and October 21, 2006 and Count II alleges he committed the crime on November 16, 2006. *Id.* There is a tiered penalty for these crimes. 18 U.S.C. § 2252A(b)(2). It provides a maximum period of incarceration of ten years, unless the offender has been previously convicted of a sex crime, in which case the penalty is increased to a mandatory minimum of ten years and a statutory maximum of twenty years. At his guilty plea, Mr. Sabky entered into a plea agreement in which he agreed that the maximum prison term for the offenses was "not less than 10 years nor more than 20 years." *Agreement to Plead Guilty* at 1 (Docket # 7).

The Presentence Report (PSR) concluded that Mr. Sabky's total offense level under the Sentencing Guidelines is 28 and his criminal history category is VI, resulting in a guideline sentence range of 140 to 175 months. *Presentence Report* at 10. If Mr. Sabky has not been previously convicted of a sex crime, his period of incarceration is capped at the statutory maximum of 120 months; if he has been so convicted, the guideline sentencing range falls within the statutory maximum of twenty years.

On February 28, 2007, Mr. Sabky was sentenced in Penobscot County Superior Court to a state of Maine charge of gross sexual assault. *PSR* at 7. The sexual assault took place on October 25, 2006, after the crime in Count I and before the crime in Count II. *Id.*; *Information.* The state conviction, however, occurred after the conduct leading to the federal charges. The PSR concluded that the state sex crime conviction did not trigger the enhanced statutory penalty, subjecting Mr. Sabky to a statutory maximum prison term of 120 months.

## II.     DISCUSSION

The question is what is meant by the statutory phrase "has a prior conviction":

> Whoever violates . . . subsection (a)(5) shall be . . . imprisoned not more than 10 years, . . . but, if such person has a prior conviction . . ., such person shall be . . . imprisoned for not less than 10 years nor more than 20 years.

18 U.S.C. § 2252A(b)(2) (emphasis added). Initially, the Government took the position that the February 28, 2007 state conviction is a prior conviction within the meaning of the statute, since Mr. Sabky's conduct resulting in the state conviction occurred before the conduct resulting in the federal conviction in Count II of the Information. *Sentencing Mem. of the United States* (Docket # 14). However, after further research, the Government conceded that the state conviction cannot be considered a prior conviction under § 1028A(b)(2). *Second Sentencing Mem. of the*

*United States* (Docket # 18). In doing so, the Government found Eleventh Circuit case law persuasive.

The Eleventh Circuit addressed a similar issue in *United States v. King*, 509 F.3d 1338 (11th Cir. 2007). In *King*, the Defendant was convicted on the same date of transporting and possessing child pornography, and since the transportation occurred before the possession, the question was whether the transportation offense could be considered a prior conviction for the possession offense. *Id.* at 1343. The Eleventh Circuit pointed to the following statutory language: "'[w]hoever violates' § 2252(a)(5) is subject to a mandatory minimum sentence 'if such person has a prior conviction . . . .'" *Id.* (quoting 18 U.S.C. § 2252(b)(2)). It interpreted this language "to mean that the qualifying prior conviction must occur before the conduct violating § 2252A(a)(5), and not merely before the § 2252A(a)(5) conviction occurs." *Id.*

*King* relied upon an analogous analysis regarding federal firearms law. In *Deal v. United States*, 508 U.S. 129 (1993), the United States Supreme Court interpreted the term "conviction" in 18 U.S.C. § 924(c) to refer to "the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction," and not "the adjudication of guilt and the sentence." *Id.* at 132. Thus, when a defendant was found guilty in a single criminal proceeding of six counts for using a firearm in connection with a crime of violence, his convictions on the second through sixth counts constituted "second or subsequent conviction[s]" for the purpose of enhancing the statutory term of imprisonment. *Id.* at 131-37. However, the statutory provision in *Deal* stated in relevant part that "[i]n the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years . . . ." 18 U.S.C. § 924(c)(1) (1988).

After *Deal*, the Eleventh Circuit construed the statutory language "previous convictions" in 18 U.S.C. § 924(e)(1). *United States v. Richardson*, 166 F.3d 1360, 1361 (11th Cir. 1999). In *Richardson*, the Eleventh Circuit concluded the only reasonable interpretation of "previous convictions" was that the "conviction occurred before the violation of § 922(g), not simply prior to the conviction or sentencing for that violation." *Id*. Other circuits considering the same language have arrived at the same conclusion. *United States v. Pressley*, 359 F.3d 347, 350-51 (4th Cir. 2004); *United States v. Garner*, 32 F.3d 1305, 1312 (8th Cir. 1994) (citing *United States v. Talley*, 16 F.3d 972 (8th Cir. 1994)). In *King*, the Eleventh Circuit relied on *Richardson* to conclude that "prior conviction" in § 2252A(b)(2) meant "occurring before the conduct violating § 2252A(b)(5)." *King*, 509 F.3d at 1343.

The Court agrees. The statutory language "[w]hoever *violates* . . . but if such person *has* . . . ." requires that the person already be convicted of an enumerated sex offense before engaging in the conduct resulting in the § 2252A(a)(5) conviction.[1]

## III.  CONCLUSION

The Court concludes that Armin William Sabky's February 28, 2007 state conviction for gross sexual assault is not a "prior conviction" within the meaning of 18 U.S.C. § 2252A(b)(2) and, therefore, the statutory maximum period of incarceration for his violation of § 2252A(a)(5) is ten years.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Sabky contends he should receive federal credit for the time he is serving on the state conviction. *Mem. of Law Concerning the Applicability of U.S.C. § 2252A(b)(2)* (Docket # 17). However, his argument is premised on the assumption that the state conviction would count as relevant conduct under U.S.S.G. § 1B1.3 and would affect his base offense level. *See* U.S.S.G. § 5G1.3(b). With the Court's ruling on the impact of his state conviction, the argument appears moot.

Dated this 5th day of June, 2008